**United States District Court**
For the Northern District of California

1
2
3
4
5
6         IN THE UNITED STATES DISTRICT COURT
7
8         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11   *In re Malibu Media Copyright*                     No. C 15-04112 WHA
     *Infringement Litigation*                          No. C 15-04159 WHA
                                                        No. C 15-04170 WHA
12                                                      No. C 15-04287 WHA
                                                        No. C 15-04289 WHA
13                                                      No. C 15-04291 WHA
                                                        No. C 15-04441 WHA
14                                                      No. C 15-05383 WHA
                                                        No. C 15-05384 WHA
15                                                      No. C 15-05385 WHA
                                                        No. C 15-05386 WHA
16                                                      No. C 15-05387 WHA
                                                        No. C 15-05388 WHA
17                                                      No. C 15-05389 WHA
                                                        No. C 15-05391 WHA
18                                                      No. C 15-05395 WHA
                                                        No. C 15-05396 WHA
19                                                      No. C 15-05397 WHA
                                                        No. C 15-05398 WHA
20                                                      No. C 15-05399 WHA
                                                        No. C 15-05400 WHA
21                                                      No. C 15-05401 WHA
                                                        No. C 15-05402 WHA
22                                                      No. C 15-05403 WHA
                                                        No. C 15-05404 WHA
23                                                      No. C 15-05406 WHA
                                                        No. C 15-05408 WHA
24                                                      No. C 15-05409 WHA
                                                        No. C 15-05410 WHA
25                                                      No. C 15-05411 WHA
                                                        No. C 15-05412 WHA
26                                                      No. C 15-05413 WHA
                                                        No. C 15-06060 WHA
27                                                      No. C 15-06062 WHA
                                                        No. C 15-06063 WHA
28                                                      No. C 15-06064 WHA
                                                        No. C 15-06065 WHA
                                                        No. C 15-06066 WHA
                                                        No. C 15-06067 WHA

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

No. C 15-06068 WHA
No. C 15-06069 WHA
No. C 15-06070 WHA
No. C 15-06071 WHA
No. C 15-06072 WHA
No. C 15-06073 WHA
No. C 15-06074 WHA
No. C 15-06075 WHA

**ORDER RE PLAINTIFF'S
PROPOSED PROCEDURE FOR
EFFECTUATING SERVICE**

_____/

Plaintiff Malibu Media, LLC, has filed 116 copyright infringement actions in this

district.  All of Malibu Media's actions have been reassigned to the undersigned judge.  Malibu

Media has encountered difficulty effectuating service by the deadline set by Rule 4(m), which

has resulted in repeated requests for extensions and, in four cases, dismissal for failure to timely

serve the defendants (after two extensions had already been granted).  Accordingly, Malibu

Media filed a request in Case No. 15-4287 proposing that the undersigned judge issue a

standing order extending the deadline to effectuate service to fifty-five days from the date on

which it receives the defendant's identifying information from his or her Internet provider for

all pending cases.  Counsel for Malibu Media appeared for a hearing to discuss this proposal on

February 23.

As a matter of course, the deadline to effectuate service has been extended to at least

twenty-eight days from the date on which Malibu Media received the defendant's identifying

information.  Two extensions of two weeks each have been granted upon request and a showing

of good cause.  In one case, the deadline was extended a third time where the defendant

appeared to be dodging service.

Malibu Media explains that the initial twenty-eight days does not offer sufficient time to

effectuate service, inasmuch as it takes twenty days from the date on which it receives a given

defendant's identifying information before it can deliver the necessary documents and

2

2ccc6429f5cd9757

instructions to a process server.  Specifically, Malibu Media outlines the following procedure

that it follows upon receipt of a defendant's identifying information:

- Malibu Media conducts an investigation, typically lasting **THREE DAYS**, to determine whether it will pursue its claims against the subscriber identified or a third party using that subscriber's Internet connection.

- Once Malibu Media decides to pursue claims against a defendant, it takes **THREE DAYS** to prepare and file a proposed summons, amended complaint, return of service, and a motion to file those documents under seal.

- Malibu Media's sealing motion is granted within **ONE DAY**.

- The summons issues between **TWO AND SIX DAYS** after the sealing motion is granted.

- Malibu Media receives the unredacted summons by mail **FOUR TO TEN DAYS** after it issues.

- Malibu Media spends **ONE DAY** reviewing the relevant documents before delivering them to its process server.

In light of this time-consuming procedure, Malibu Media seeks to alleviate the

administrative burden of repeatedly requesting extensions; however, Malibu Media exaggerates

the timeline of its procedure.

*First*, Malibu Media offers no explanation for why it needs three days to prepare and file

its proposed summons, amended complaint, return of service, and sealing motion.  The

preparation of those documents involves little more than adding the defendant's identifying

information to documents that Malibu Media had already created before receiving that

information.  Even if Malibu Media actually needed three days to prepare those documents

(plus three to conduct its investigation), it generally files its sealing motions more than ten days

after receiving defendants' identifying information.

*Second*, in no case has the summons issued more than one day after Malibu Media's

sealing motion is granted.

*Third*, as noted in the orders dismissing four of Malibu Media's cases (Case Nos. 15-

4246, 15-4248, 15-4280, and 15-4430), and as discussed at the hearing on this request, Malibu

Media's lead counsel (who are based in Los Angeles) or local associated counsel, may retrieve

3

<div style="float:left">**United States District Court**
For the Northern District of California</div>

1    any unredacted summonses in person at the Clerk's office on the 16th floor of 450 Golden Gate

2    Ave., San Francisco.  Thus, any delay caused by the mailing of unredacted summonses is easily

3    avoided.

4         Accordingly, Malibu Media only needs eight to ten days from the date it receives a

5    defendant's identifying information before it can deliver the relevant documents and

6    instructions to its process server.  Nevertheless, notwithstanding the deadline set by Rule 4(m),

7    Malibu Media shall have thirty-five days from the date on which it receives the defendant's

8    identifying information from the his or her Internet service effectuate service.

9         Requests for extensions beyond thirty-five days (or beyond the deadline set by Rule

10   4(m) if longer than thirty-five days) will be decided on a case-by-case basis and must be

11   supported by good cause.  Any such request should be made immediately as circumstances

12   justifying the extension arise, rather than at the last minute.  Malibu Media must support any

13   assertion that a defendant is dodging service with an affidavit of non-service (to be filed under

14   seal, with the defendant's identifying information redacted on the public docket).

15        In order to better track deadlines, Malibu Media shall please file a notice informing the

16   Court of the date on which it received the defendant's identifying information no later than **FIVE**

17   **CALENDAR DAYS** after receiving that information.

18        This order shall be filed in every pending Malibu Media case in this district in which the

19   defendant has not yet been served.  As discussed at the hearing, Malibu Media shall please file

20   the transcript of the February 23 hearing in each of the above-captioned matters.

21

22        **IT IS SO ORDERED.**

23

24   Dated:   February 23, 2016.                           _____

25                                                         WILLIAM ALSUP
                                                           UNITED STATES DISTRICT JUDGE

26

27

28

                                                  4